OPINION
This appeal emanated from the Portage County Municipal Court, Kent Division. Appellant, Kim L. Brownlie, appeals the trial court's judgment entry finding her guilty of driving under the influence ("DUI").
Appellant was charged with DUI, in violation of R.C.4511.19(A)(1), and driving with a prohibited concentration of alcohol on her breath, in violation of R.C. 4511.19(A)(3). At the initial appearance on March 10, 1998, she entered a plea of not guilty to both charges. On May 20, 1998, she filed a motion to suppress. A suppression hearing was conducted on July 13, 1998, and concluded on August 3, 1998.
At the suppression hearing, Sergeant Scott Garan ("Sgt. Garan"), a seven-year veteran police officer with the city of Aurora testified. He related that on March 7, 1998, at about 1:49 a.m., he was on routine patrol and traveling on State Route 43. He indicated that at that point, there was no traffic on the road that night until he observed appellant's vehicle traveling in the opposite direction. Sgt. Garan stated that then he saw the headlights on appellant's car turn from dim to bright. He "flashed [his] lights to try to get her to dim hers and she failed to dim them." When she made no attempt to dim her lights, Sgt. Garan activated his overhead lights and initiated a traffic stop. As he approached her vehicle, it began to roll back. He was afraid that her car was going to slam into his, so he "yelled at her several times to tell her to stop her vehicle." When he spoke to appellant, he informed her that he had stopped her because she failed to dim her lights. He also issued her a warning on the headlight violation. While he was speaking to her, he noticed that her eyes were red, he detected a smell of alcohol emanated from her person, she seemed confused, and her speech was not very clear, although he did not indicate that it was slurred. Appellant revealed that she had a couple drinks earlier in the night.
Sgt. Garan proceeded to ask appellant to exit her vehicle and he performed field sobriety tests. He had her do the one-leg stand test and the alphabet test. She failed both tests. He asked appellant to perform the horizontal gaze nystagmus test and detected six clues. Once he determined that she was impaired, he placed her under arrest for DUI and transported her to the police station, where a Breathalyzer test was administered which revealed a BAC of .159 percent. This resulted in her being charged with a violation under R.C. 4511.19(A)(3).
At the conclusion of the suppression hearing, the trial court orally overruled appellant's motion for suppression with reference to the stop and to the probable cause for the warrantless arrest, but granted her motion as to the results of the one-leg stand test since she was wearing two to three-inch heels and was not given the opportunity to remove them before performing the test.
On December 22, 1998, appellant entered a plea of no contest to the charge under 4511.19(A)(3), and was found guilty. Appellee, the state of Ohio, moved to dismiss the other charge, which the trial court granted. On that same date, the trial court fined appellant $450, sentenced her to a term of ten days in jail, and ordered her to pay costs. The trial court suspended $250 of the fine and the entire ten-day sentence, provided that appellant attend and complete seventy-two hours of DUI school. The trial court also imposed a six-month license suspension, but granted her occupational driving privileges. Appellant's sentence has been stayed pending appeal. Appellant filed this appeal and raises a single assignment of error:
 "The trial court erred when it denied [appellant's] motion to suppress because the law enforcement officer did not have reasonable suspicion of criminal behavior sufficient to justify a stop of a motor [sic]."
Appellant's sole contention is that Sgt. Garan did not have a reasonable suspicion of criminal behavior to justify stopping appellant. Therefore, she argues that the trial court should have sustained her motion to suppress.
In evaluating the propriety of an investigative stop, a reviewing court must consider the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St.3d 86,87-88; see, also State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In addition, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 392 U.S. 1, 21. The assessment is to be judged against an objective standard. Id. at 21-22. "An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law. Terry * * *; Brown v. Texas
(1979), 443 U.S. 47; Delaware v. Prouse (1979) 440 U.S. 648."Mentor v. Webb (June 30, 1993), Lake App. No. 92-L-158, unreported, at 4.
Thus, we must determine whether Sgt. Garan had the requisite reasonable and articulable suspicion or probable cause to stop appellant's vehicle. It is well-settled that the test for probable cause is:
 "[W]hether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91.
It is well-established that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle observed violating such law. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11-12. We have repeatedly held that where a police officer witnesses a minor traffic violation, he or she is justified in warranting a limited stop for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, at 6, quoting Statev. Yemma (Aug. 9, 1996), Portage App. No 95-P-0156, unreported, at 5-6. The officer may then proceed to investigate the detainee for DUI if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Id. This court has also stated that if an officer witnesses an R.C. 4513.15 violation, he or she has sufficient grounds to justify an initial stop. State v. Mueller
(Apr. 28, 1997), Geauga App. No. 96-G-1991, unreported, at 3. Other courts have similarly held that failing to dim one's headlights in violation of R.C. 4513.15 gives an officer a sufficient basis for an investigatory stop. See State v.Faulkner (Jan. 14, 1994), Lawrence App. No. 93CA12, unreported, at 2, 1994 WL 11423; State v. Hinton (Mar. 16, 1992), Clark App. No. 2833, unreported, at 2, 1992 WL 52764.
In the case at bar, Sgt. Garan testified at the suppression hearing that he stopped appellant for not dimming her headlights in violation of R.C. 4513.15. He personally observed appellant initially use her low beams and then turn on her high beams. Sgt. Garan signaled her to turn down her high beams, but she failed to do so. Based on his observations, it is our view that he had more than a reasonable suspicion that a traffic offense had occurred. In addition, based on the record before us, he had sufficient probable cause to perform the traffic stop.
Moreover, Sgt. Garan's observations, after the stop, gave him reasonable suspicion to suspect that appellant was driving under the influence, and after further investigation, gave him probable cause to arrest appellant for R.C. 4511.19(A)(1). However, since appellant has taken no issue with Sgt. Garan's subsequent actions in administering the field sobriety tests and arresting her for DUI, those issues will not be discussed.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Portage County Municipal Court, Kent Division, is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.